UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AVREN LAMONT SCOTT,                                                    Plaintiff,

v.                                                       Civil Action No. 3:16-cv-P815-DJH

MIKE HAUN *et al.*,                                              Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Avren Lamont Scott filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis* (DN 1). The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated below, the Court will dismiss the official-capacity claims and allow the individual-capacity claims to proceed for further development.

**I.**

Plaintiff, an inmate housed at the Kentucky State Reformatory (KSR), names the following Defendants: Mike Haun, identified as a nurse practitioner at KSR; and Frederick Kemen, identified as a doctor at KSR. He sues Defendants in their individual and official capacities.

Plaintiff states that on January 20, 2016, Defendant Kemen "wrote an order for the Plaintiff to be catheterized, with out the consent of the Plaintiff and with no medical reason." He asserts that Defendant Kemen's "unlawfull actions violated the Plaintiff United State's constitutional rights by causeing pain and injury. This is in violation of Plaintiff right to be free

of cruel and unusual punishment, Plaintiff's Right to due process and the Convention Against Torture, ratified in 1994."

Plaintiff further states that Defendant Haun "placed a catheter in plaintiff bladder with no medical reason. This was done against the consent of the plaintiff and was only done to cause cruel and unusual punishment in violation of the plaintiff United States' constitutional right to be free of such punishment."

Plaintiff maintains that the catheter was "put in plaintiff's bladder to attempt him from throughing urain and so he could be kept in restraints longer. The institution has a mental health unit to deal with mental health inmates and the record will clearly show that this was done maliciously and sadistically and against the Constitution."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of KSR. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. Moreover, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

3

Plaintiff also seeks injunctive relief in the form of "[f]ired & criminal charges." The Court, however, does not have the authority to order the termination of Defendants under § 1983. *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Leek v. Thomas*, No. 09-3036-SAC, 2009 U.S. Dist. LEXIS 39406, at *9 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action.").

Furthermore, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Indeed, only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Therefore, Plaintiff's official-capacity claims against Defendants for injunctive relief will be dismissed for failure to state a claim.

### B. Individual-capacity claims

*Due process*

Plaintiff alleges that Defendants violated his right to due process. However, where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under some other amendment or under the broad rubric of due process. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Because his claim falls under the Eighth Amendment's Cruel and Unusual Punishments Clause, the Court will dismiss Plaintiff's due process claim.

*Convention Against Torture*

Plaintiff also alleges that Defendants violated the "convention against torture." The Court presumes that Plaintiff is referring to the United Nations' Convention Against Torture.[1] However, he has "no cause of action under the Convention Against Torture because it is not self-executing," *Renkel v. United States*, 456 F.3d 640, 645 (6th Cir. 2006), and his allegations do not support "a cause of action under any domestic law implementing the United States' obligations under the Convention." *Id*. at 645. Therefore, this claim will be dismissed.

*Retaliation*

In addition, in an attachment to the complaint, Plaintiff complains of retaliation. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Moreover, a plaintiff must be able to prove that the exercise of the

---

[1] *See* United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, 23 I.L.M. 1027.

protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

While Plaintiff makes conclusory assertions of retaliation, he does not allege what protected conduct he was engaged in or plead how the protected conduct motivated the actions taken against him. Therefore, the complaint fails to state a retaliation claim, and the claim will be dismissed.

### *Cruel and unusual punishment*

Upon review of the complaint, the Court will allow Plaintiff's claim that he was catheterized against his will in violation of the Eighth Amendment to proceed against Defendants in their individual capacities.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendants; his individual-capacity claims alleging violations of due process and the Convention Against Torture and retaliation are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a

claim upon which relief may be granted and for seeking monetary relief from defendants immune from such relief.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the claim that has been permitted to proceed.

Date: June 7, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.010