UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
at LOUISVILLE

| | | |
|---|---|---|
| AVREN LAMONT SCOTT, | ) | |
| Plaintiff | ) | |
| v. | ) | |
| MIKE HAUN, et al., | ) | Civil Action No. 3:16-cv-P815-DJH |
| | ) | ELECTRONICALLY FILED |
| Defendants | ) | |

## DEFENDANTS MIKE HAUN, ARNP AND DR. FREDERICK KEMEN'S ANSWER TO PLAINTIFF'S COMPLAINT

Come the Defendants, Mike Haun, ARNP and Frederick Kemen, M.D. ("Defendants"), by counsel, and for their Answer to the allegations permitted to proceed based on the Court's Initial Screening [Docket no. 8], state as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

With respect to the allegations contained in Plaintiff's Complaint pertaining to cruel and unusual punishment in violation of the Eighth Amendment (as permitted to proceed by the Court's Initial Screening Order, Docket no. 8) , Defendants respond as follows:

**1.** Mike Haun and Dr. Kemen deny that they unlawfully catheterized Plaintiff and further deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

**2.** Defendants den that Plaintiff sustained damages as a result of their actions or inactions and deny Plaintiff is entitled to the relief requested.

### THIRD DEFENSE

Defendants Haun and Dr. Kemen affirmatively plead and assert all defenses arising under the United States and Kentucky Constitutions.

**FOURTH DEFENSE**

The claims set forth in Plaintiff's Complaint are barred in whole or in part by reason of the Plaintiff's failure to exhaust all administrative remedies available with respect to all claims.

**FIFTH DEFENSE**

Plaintiff's injuries and damages, if any, were caused in whole or in part, by Plaintiff's own negligent or wrongful acts and/or omissions but for which would not have occurred and for which Defendants Haun and Dr. Kemen are not responsible or liable, and Defendants Haun and Dr. Kemen plead and rely upon same as a complete and/or comparative bar to the Plaintiff's claims.  Any recovery on the part of the Plaintiff should be offset by apportionment pursuant to his own comparative fault.

**SIXTH DEFENSE**

Defendants Haun and Dr. Kemen affirmatively state that they exercised reasonable care and good faith.  Furthermore, at all times relevant Defendants Haun and Dr. Kemen acted reasonably and prudently in accordance with the established standard of care, thus barring recovery herein.

**SEVENTH DEFENSE**

Defendants Haun and Dr. Kemen affirmatively state that they performed their duties and/or responsibilities in accordance with all applicable policies, procedures, protocols and standards in place at all relevant times.

**EIGHTH DEFENSE**

The allegations contained in Plaintiff's Complaint attempt to impose a duty or duties upon Defendants Haun and Dr. Kemen that are not recognized by Kentucky law or Federal law.

### NINTH DEFENSE

To the extent any damages exist, a fact disputed, the Plaintiff's claims are barred in whole or in part by Plaintiff's own failure to mitigate his alleged damages.

### TENTH DEFENSE

Plaintiff's Complaint fails to allege sufficient personal involvement of Defendants Haun and Dr. Kemen to impose liability against them in their individual capacities.

### ELEVENTH DEFENSE

Defendants Haun and Dr. Kemen affirmatively plead the provisions of the Prison Litigation Reform Act (28 U.S.C. 1915 *et. seq.*).

### TWELVTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of res judicata, collateral estoppel, laches and/or the statute of limitations.

### THIRTEENTH DEFENSE

Plaintiff's injuries, if any, are the result of natural causes or an act of God and, as such, Defendants Haun and Dr. Kemen cannot be held liable.

### FOURTEENTH DEFENSE

Defendants Haun and Dr. Kemen plead waiver, estoppel (issue and claim preclusion), governmental immunity, qualified immunity and privilege as affirmative defenses.

### FIFTEENTH DEFENSE

Defendants Haun and Dr. Kemen deny Plaintiff has properly asserted that this Court has jurisdiction over the matter, and such lack of jurisdiction over Defendants Haun and Dr. Kemen is a complete bar to any recovery herein.

**SIXTEENTH DEFENSE**

Plaintiff's Complaint fails to join necessary and indispensable parties.

**SEVENTEENTH DEFENSE**

Plaintiff's injuries, if any, may have been caused in whole or in part by the comparative negligent acts/omissions of other persons or parties over whom Defendants Haun and Dr. Kemen have no control and/or for whom they were not otherwise legally responsible such that Defendants Haun and Dr. Kemen may be entitled to contribution, indemnity and/or an instruction permitting the jury to apportion fault to those other persons or parties.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred by insufficiency of process.

**NINETEENTH DEFENSE**

Defendants Haun and Dr. Kemen deny any allegation contained in Plaintiff's Complaint not specifically admitted herein.

**TWENTIETH DEFENSE**

Defendants Haun and Dr. Kemen hereby reserve the right to assert such other defenses as may appear appropriate following the commencement of discovery in this matter.

**TWENTY FIRST DEFENSE**

Plaintiff has not established deliberate indifference to a serious medical need, but in fact has only alleged his medical disagreement, which is not actionable.

**WHEREFORE**, Defendants Mike Haun, APRN and Frederick Kemen, M.D. submit their Answer to Plaintiff's Complaint and respectfully request as follows:

A. That this Honorable Court dismiss Plaintiff's Complaint as against Defendants Haun and Dr. Kemen, with prejudice;

B. For trial by jury;

C. For their costs herein expended, including reasonable attorney fees; and

D. Any other relief that may appear just and proper.

Respectfully submitted,

s/Megan P. O'Reilly
Megan P. O'Reilly
Blackburn Domene & Burchett PLLC
614 West Main Street, Suite 3000
Louisville, KY 40202
(502) 584-1600 - Telephone
(502) 584-9971 – Facsimile
moreilly@bdblawky.com
*Counsel for Defendant Mike Haun, ARNP
and Frederick Kemen, M.D.*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on October 12, 2017, a true and complete copy of *Defendants' Answer* was served upon the Court via the United States District Court for the Western District of Kentucky's CM/ECF system and served to the Plaintiff via first class U.S. Mail, postage prepaid, at the following address:

Avren Scott, Inmate #258511
Kentucky State Reformatory
3001 W. Hwy 146
LaGrange, KY 40032

By: /s/ Megan P. O'Reilly
Megan P. O'Reilly
Blackburn Domene & Burchett PLLC
614 West Main Street, Suite 3000
Louisville, Kentucky 40202
Phone:    (502) 584-1600
E-mail:   moreilly@bdblawky.com