UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AVREN LAMONT SCOTT,     Plaintiff,

v.     Civil Action No. 3:16-cv-P815-DJH

MIKE HAUN *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for summary judgment by Defendants Mike Haun and Frederick Kemen (Docket No. 50). Proceeding *pro se*, Plaintiff filed a response to the motion (DN 54). Defendants did not file a reply. For the reasons that follow, the motion for summary judgment will be denied.

**I**.

Plaintiff was an inmate at the Kentucky State Reformatory (KSR) at the time pertinent to the complaint. Upon initial review of the action pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's 42 U.S.C. § 1983 claims under the Eighth Amendment to proceed against Defendant Haun, whom Plaintiff identified as a nurse practitioner at KSR, and Defendant Kemen, identified as a doctor at KSR, in their individual capacities.

In the verified complaint, Plaintiff stated that on January 20, 2016, Defendant Kemen "wrote an order for the Plaintiff to be catheterized, with out the consent of the Plaintiff and with no medical reason." He asserted that Defendant Kemen's "unlawfull actions violated the Plaintiff United State's constitutional rights by causeing pain and injury."

Plaintiff further stated that Defendant Haun "placed a catheter in plaintiff bladder with no medical reason. This was done against the consent of the plaintiff and was only done to cause

cruel and unusual punishment in violation of the plaintiff United States' constitutional right to be free of such punishment." Plaintiff maintained that the catheter was "put in plaintiff's bladder to attempt him from throughing urain and so he could be kept in restraints longer. The institution has a mental health unit to deal with mental health inmates and the record will clearly show that this was done maliciously and sadistically and against the Constitution."

Plaintiff attached to his complaint a grievance he filed on January 28, 2016, in which he stated the following:

> On Jan. 20th I was in Nursing Care strapped in 4 points and I was forced with a catheter inside me in their was no medical reason why I should got a catheter in it hurt a lot and painful in Dr. Mike then force[]d me with a catheter and Nurse Sue an I told him no you ain't got my consent to catheter.

In a February 26, 2016, response to the grievance, under the heading "Informal Resolution Stage," a KSR staff member wrote, "Order entered by Mike Haun on 1/20/16 for IM to have foley catheter placed due to IM being a cutter and threatening staff. Foley catheter anchored so he couldn't throw urine on staff." Plaintiff also attached his grievance appeal, which shows that the Grievance Committee agreed with the informal resolution and that Plaintiff then appealed to the Warden. Under the heading "Warden's Review," signed on March 23, 2016, is the following finding:

> I have reviewed the grievance, responses and appeal and concur with the informal resolution in that ARNP Mike Haun, in consultation with Dr. Frederick Kemen, authorized the Foley Catheter due to the grievant's continued self-harming and assaultive behavior. It appears that the Medical staff decision was made in an attempt to be able to keep the grievant in continued soft restraints so that he could not have the ability to further self-harm, thus allowing him to heal from previously self-inflicted wounds. Additionally, maintaining the grievant in the soft restraints prevented him from using urine as a weapon against staff.

Plaintiff appealed to the Kentucky Department of Corrections Commissioner's Office. The Ombudsman responded on April 11, 2016, stating that he was sending the grievance back to the institution "to be re-processed as a medical grievance."

In response to Plaintiff's medical grievance, on July 19, 2016, under the heading "Informal Resolution Response," Defendant Kemen stated the following:

> A review of your medical record revealed that you were admitted to the nursing care facility from 12/30/2015 until 1/21/2015 for treatment of multiple self-inflicted lacerations. At times you were in four-point restraints to keep you from further injuring yourself. On 1/20/2016 Mike Haun, FNP, catheterized your bladder in order to prevent you from further assaulting [Nursing Care Facility] staff by throwing urine on them. Mr. Haun had obtained clearance for his plan before approaching you.
>
> After later review of the events of 11/20/2016, I spoke with Mr. Haun and informed him that bladder catheterization will not be done in the future unless a clear medical indication for that procedure is present.

Plaintiff then filed a grievance appeal, to which the Health Care Grievance Committee responded on August 11, 2016, stating, "The Healthcare Grievance Committee has reviewed your chart and has instructed the Medical Director review with the providers <u>proper</u> clinical procedures and indicators for a foley cathet[e]r." (Emphasis in original).

Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claim that he was catheterized against his will in violation of the Eighth Amendment to proceed against Defendants in their individual capacities.

In their motion for summary judgment, Defendants maintain that Plaintiff had a "lengthy medical treatment history" at KSR consisting of more than 4,400 pages of medical records, "due in part to significant and persistent self-harming behaviors." Defendants filed portions of Plaintiff's medical records. Citing the medical records, Defendant assert that on January 11, 2016, Plaintiff "assaulted an officer" by "repeatedly spitting on the officer." They maintain that

the medical records show that Plaintiff was angry regarding his continued placement in the restraints and was continuing to exhibit "episodic threats and assaultive behaviors." Defendants state that on January 16, 2016, when staff attempted to treat another instance of self-harm by Plaintiff, he again "spit at [an] officer and threatened to spit on others trying to hold him down." They maintain that the medical records also noted that after the initial self-harming incident Plaintiff had "re-opened" the wound and "re-cut" himself. Plaintiff also became further agitated and "threatened to throw urine on an officer from his urinal." According to Defendants, the medical records show that because of his continued self-harming, threatening, and assaultive conduct, Plaintiff was placed in a five-point restraint and the use of the catheter was approved following consultation with Warden Smith. Defendants maintain that the catheter was removed after one day, and Plaintiff was transferred out of nursing care soon thereafter but remained under a "1:1 watch status."

Defendants argue that Plaintiff "has not pled anything in his Complaint to apprise the Court as to how the Defendants acted with a sufficiently culpable state of mind, nor is there any material evidence in Plaintiff's medical records to establish it." They maintain that "the record is clear that the Defendants ordered the insertion of a catheter in order to prevent the Plaintiff from further harming himself, and to prevent him from using urine as a weapon (as he had recently threatened to, and actually had done, in the past)." They further argue that the medical records show authorization for Plaintiff to be catheterized "was sought, and obtained . . . , and that doing so involved consulting with the Warden of the prison. [Id. at 4093; 4096.]" They maintain that the medical records further demonstrate that "Defendants had ample medical justification for having to utilize 4-point (and 5-point) restraints for extended periods of time due to Plaintiff's serious and persistent selfharming behaviors." Defendants argue, "And, because of the need to

4

use the restraints, use of the catheter was a medically appropriate decision given Plaintiff's ongoing dangerous conduct and assaultive behaviors."

In his response to the motion for summary judgment, sworn under penalty of perjury, Plaintiff argues that there is a genuine issue of material fact "that the catheter was placed in plaintiff bladder so he couldn't throw urine on staff in there was no medical reason present into doing so." He states that Defendant Kemen "admitted on the grievance record" and quotes Defendant Kemen's informal resolution response dated July 19, 2016, in which he stated that "bladder catherization will not be done in the future unless a clear medical indication for that procedure is present." Plaintiff argues that Defendants failed to state a medical reason that was present for catheterizing him. He states that he did not give his informed consent for the procedure. Plaintiff maintains that Defendant Haun "retaliated against Plaintiff mental health behaviors and ignored the medical procedure to assault the plaintiff."[1] He states, "4-points restraints to keep plaintiff from hurting himself that's reasonable, but retaliating on plaintiff because of his behaviors and abusing medical policy to proceed a false medical excuse to use plaintiff's mental health issues to do a medical procedure is not acceptable." He continues that "its clearly to see that their was nothing wrong with plaintiffs bladder medically to be catheter." Plaintiff further states that Defendants "recklessly put plaintiff through pain and hurt plaintiff bladder in put plaintiff at risk for infections but instead scared plaintiff penis by forceably catheterize him because of retaliation. A reasonable person can clearly see theirs no medical procedure present . . . ."

**II.**

---

[1] Plaintiff asserted claims for retaliation and denial of due process in his complaint. However, those claims were dismissed upon initial review pursuant to § 1915A.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

**III.**

The Eighth Amendment protects prisoners from cruel and unusual punishment imposed by "the unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In assessing a claim under the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7. "To determine such motivations on the part of correctional officers, courts should consider the reasons or motivation for the conduct, the type and extent of force applied, and the extent of inflicted injury." *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992).

An Eighth Amendment claim alleging cruel and unusual punishment by prison officials has both an objective and subjective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). To establish the objective component, the pain inflicted by the prison official must be "sufficiently serious" to offend "contemporary standards of decency." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Thus, the nature and extent of a prisoner's injury may be indicative of the amount of force applied. *Hudson v. McMillian*, 503 U.S. at 9.

The subjective component looks to the state of mind of the prison official. *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). To satisfy the subjective component, the defendant must possess a sufficiently culpable state of mind, rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). In evaluating a prison official's subjective intent, a district court must consider the need for application of force, the relationship between that need and the amount of force used, the threat perceived by the responsible officers, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 503 U.S. at 7 (citation omitted); *see also Brooks v. Kyler*, 204 F.3d 102, 106 (3rd Cir. 2000) (listing same criteria);

7

*Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (same). A court should consider the extent of any threat to the safety of staff and other prisoners, "as reasonably perceived by the responsible officials on the basis of the facts known to them . . . ." *Whitley v. Albers*, 475 U.S. 312, 321 (1986)); *see also Hudson v. McMillian*, 503 U.S. at 7. In the prison setting, a good faith use of physical force may be necessary to maintain prison security and discipline. *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

Defendants argue that they are entitled to summary judgment because Plaintiff has failed to establish the subjective component of an Eighth Amendment claim requiring him to show that Defendants possessed a sufficiently culpable state of mind in administering the catheter. They maintain that "the record is clear that the Defendants ordered the insertion of a catheter in order to prevent the Plaintiff from further harming himself, and to prevent him from using urine as a weapon (as he had recently threatened to, and actually had done, in the past)."

In regards to Plaintiff's assertion that Defendant Kemen's response to his medical grievance at the Informal Resolution Stage shows there was no medical reason to administer the catheter, Defendants maintain the following:

> Dr. Kemen's notation does not establish that the procedure at issue was done in error or without authorization, nor does it serve to admit that the subject procedure was done without a medical purpose. Rather, Dr. Kemen's note reflects simply a clarification of the parameters under which the procedure would be performed in the future, and the stated requirement that there be a "clear medical indication" does not negate the existence of a medical indication for having performed the procedure in Plaintiff's case.

Defendants further argue that the fact that the catheter also served to prevent Plaintiff from throwing bodily fluid while in four-point restraints "does not eliminate the existence of a medical justification for utilizing a catheter to allow Plaintiff to vacate his bladder while

8

restrained for extended period of times, as was necessary to prevent additional self-harming behavior."

Defendants rely on *Hurrey v. Unknown TDCJ Corr. Officer A*, No. 2:07-CV-226, 2009 U.S. Dist. LEXIS 102702 (N.D. Tex. Oct. 15, 2009), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 102699 (N.D. Tex. Nov. 4, 2009). In that case, the district court adopted a report and recommendation in which the magistrate judge recommended dismissing Plaintiff's Eighth Amendment claims against four corrections officers upon initial review pursuant to 28 U.S.C. § 1915A. The four corrections officers allegedly held down an inmate while a medical provider forcibly catheterized the inmate. *Id*. at *1. According to the facts of that case, the inmate had lost fifty to sixty pounds, almost a quarter of his body weight, which caused the prison medical personnel concern that the inmate was undertaking a hunger strike, which the inmate denied. *Id*. at *5. After having given twenty daily urine samples, the inmate refused to give a voluntary sample, and he was catheterized by a medical provider to obtain a urine sample while the defendant corrections officers held him down. *Id.* at *6.

In that case, the magistrate judge found that the inmate "[did] not allege any facts showing the forced catheterization was a malicious and sadistic use of force by the guards who restrained him nor has he shown the medical care giver who performed the catheterization did anything other than the catheterization to hurt him unnecessarily." *Id*. at *8. The magistrate judge found that "[t]he forced catheterization on the twenty-first day of a hunger strike to monitor plaintiff's well-being is not per se constitutionally offensive." *Id*. at 10. The magistrate judge continued as follows:

> Although plaintiff maintains he was simply trying to lose weight, prison officials had no way of determining why plaintiff was no longer eating, or, more importantly, whether he was harming himself. Even if they had known plaintiff was trying to lose weight, that would not relieve them of the duty to provide

9

medical care for plaintiff's serious medical needs, including a determination of whether his self-imposed fast was doing serious harm to his body.

*Id*. With regard to the four corrections officers, the magistrate judge found that the plaintiff "has not plead[ed] any fact to show the guards who restrained him were acting on any personal animus or were not acting merely to permit what appeared to be a reasonable and/or necessary medical procedure to be performed." *Id*. at 10. The magistrate judge, however, stopped short of dismissing the claim against the medical technician who administered the catheter in that report and recommendation because it could not be determined whether the "procedure was medically necessary." *Id*. at 12.

A subsequent decision of that district court adopted a report and recommendation in which the magistrate judge recommended dismissing the Eighth Amendment claim against the medical provider under § 1915A. *Hurrey v. Unknown Tech Med. Person A*, No. 2:07-CV-226, 2010 U.S. Dist. LEXIS 106035 (N.D. Tex. Sept. 15, 2010), *report and recommendation adopted*, *Hurrey v. Contreras*, 2010 U.S. Dist. LEXIS 106131 (N.D. Tex. Oct. 5, 2010). The magistrate judge found, "The evidence of record overwhelmingly demonstrates a licensed physician had determined there was a medical need for monitoring plaintiff's urine sample." *Hurrey*, 2010 U.S. Dist. LEXIS 106035, at *18-19. The magistrate judge found, "The key is that a licensed physician made a medical determination that plaintiff's health required monitoring. Plaintiff's refusal to comply with the medical decision resulted in a physician-ordered catheterization and the need was serious enough to justify the use of force." *Id*. at *19.

The dismissal of the Eighth Amendment claims in *Hurrey* turned on the medical necessity of the catheterization, which the court found was undisputed. In the instant case, the medical necessity to catheterize Plaintiff is not so undisputed. The grievance records provide evidence of the reasons for the catherization. In a February 26, 2016, response to Plaintiff's

original grievance, a KSR staff member wrote, "Order entered by Mike Haun on 1/20/16 for IM to have foley catheter placed due to IM being a cutter and threatening staff. Foley catheter anchored so he couldn't throw urine on staff." At the appeal stage, the Warden stated that the catheter was authorized "due to the grievant's continued self-harming and assaultive behavior[]" and also "in an attempt to be able to keep the grievant in continued soft restraints so that he could not have the ability to further self-harm, thus allowing him to heal from previously self-inflicted wounds." The Warden additionally found that "maintaining the grievant in the soft restraints prevented him from using urine as a weapon against staff." In response to Plaintiff's medical grievance, Defendant Kemen stated, "I spoke with Mr. Haun and informed him that bladder catheterization will not be done in the future unless a clear medical indication for that procedure is present." In addition, the Healthcare Grievance Committee's response to Plaintiff's grievance appeal stated, "The Healthcare Grievance Committee has reviewed your chart and has instructed the Medical Director review with the providers proper clinical procedures and indicators for a foley cathet[e]r." (Emphasis in original).

The Court finds that the grievance records show a disputed fact as to whether the catherization was medically necessary. Therefore, the decision in *Hurrey*, the only case cited by Defendants involving an inmate's forced catherization, does not support summary judgment on the subjective prong of Plaintiff's Eighth Amendment claim.

Furthermore, Plaintiff's verified complaint carries the same weight as an affidavit because he signed the complaint under penalty of perjury, *see El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2009), and the Sixth Circuit accepts a verified complaint, to the extent that it is based on personal knowledge, as an opposing affidavit within the meaning of Fed. R. Civ. P. 56(e). *See Hooks v. Hooks*, 771 F.2d 935, 945-46 (6th Cir. 1985). Plaintiff states in the verified complaint,

as well as in the verified response to the motion for summary judgment, that there was no medical necessity for the catheterization and that the procedure was done as a punishment for his behavior associated with his mental health problems.

Upon review, the Court finds that Defendants have failed to meet their burden to show that there is no genuine issue of material fact as to the subjective component of an Eighth Amendment claim. Defendants have failed to show that Plaintiff's catherization was performed because of a medical necessity. To the extent that the catherization was performed to prevent Plaintiff from throwing his urine on prison staff, as the grievances suggest, Defendants' subjective intent must be examined under the following factors listed above: the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officers, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 503 U.S. at 7 (citation omitted). The Court is unable to make a determination of Defendants' subjective intent in catheterizing Plaintiff at the summary judgment stage. Therefore, Defendants are not entitled to summary judgment.

## IV.

Accordingly, **IT IS ORDERED** that the motion for summary judgment (DN 50) is **DENIED**.

Date: April 30, 2019

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
      Counsel of record
4415.010