# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

AVREN LAMONT SCOTT,

                         Plaintiff,

v.

MIKE HAUN, *et al*.

                        Defendants.

Case No. 3:16-cv-00815

***Electronically Filed***

## DEFENDANT'S HAUN'S MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P.  26(c), this Court's Scheduling Orders [RE #9 and RE #35], and Local Rule (LR) 7.1, Defendant Haun, by counsel, respectfully moves for entry of a protective order relieving him of any obligation to respond to Plaintiff's requests for admissions that were filed on May 9, 2019, or alternatively, specifying the terms under which discovery will (or may) proceed. [RE #62.] In support of this motion, Defendant states as follows:

### INTRODUCTION

Plaintiff, Avren Scott, an inmate at the Kentucky State Penitentiary ("KSP"), filed this *pro se* action alleging cruel and unusual punishment for conduct occurring while he was an inmate at the Kentucky State Reformatory ("KSR") in January, 2016. [*See* RE #1: Compl.] After conducting its initial screening, this Court entered its Order Regarding Service and Scheduling Order on June 8, 2017, which included a pretrial discovery deadline of November 29, 2017. [RE #9, at PageID #54.] Plaintiff litigated his case, including submitting discovery requests and seeking an extension of the fact discovery deadline, which was granted on August 9, 2018. [RE #35.] In that Order and Revised Scheduling Order granting Plaintiff's motion to extend the

discovery deadline, the Court extended the deadline for another thirty days (30) in order for the Defendants to serve their responses to Plaintiff's written discovery requests, and to file a certification of having done so. [*Id.*] Defendants thereafter served the discovery responses and filed the required certification. [RE #43.] The parties thereafter filed cross motions for summary judgment, but those motions were denied. [RE #58; RE #59.]

On May 9, 2019, Plaintiff filed with the Court thirteen new (13) requests for admission directed to Defendant Haun despite the fact that pretrial fact discovery period had expired approximately eight (8) months prior. [RE #62.] Defendant Haun now seeks a protective order under Rule 26 relieving him of any obligation to respond to Plaintiff's discovery requests, or in the alternative, specifying the terms under which discovery will (or may) proceed.

## ARGUMENT

Under Fed. R. Civ. P. 26(c)(1), a Court may enter a protective order to protect a party from whom discovery is sought upon a showing of good cause. "The party seeking protection bears the burden of demonstrating that there is good cause for restricting the disclosure of the information at issue." *Eagle v. Hurley Med. Ctr.*, 292 F.R.D. 466, 478 (E.D. Mich. 2013) (citing *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011)). And to establish the requisite "good cause," the party "must show that specific prejudice or harm will result if no protective order is granted." *Eagle*, 292 F.R.D. at 478 (citations omitted).

Here, Plaintiff seeks to reopen fact discovery approximately eight (8) months after it closed by filing with the Court requests for admission directed to Defendant Haun. [RE #62.] But Plaintiff has offered no basis justifying an amendment to the Court's scheduling order to permit him to do so. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Under situations in which written discovery requests were submitted

far sooner after the close of discovery than have been submitted here, courts have granted protective orders relieving the party from having to respond. *See, e.g.*, *Matter of Hornblower Fleet, LLC*, 2019 WL 246563, at *2 (S.D. Cal. Jan. 16, 2019) (citing cases); *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kansas*, 2007 WL 4561541, at *1 (D. Kan. Dec. 21, 2007) (granting protective order relieving party from responding to requests for admission served "over six months after the discovery deadline"); *Cent. Maine Power Co. v. Foster Wheeler Corp.*, 115 F.R.D. 294 (D. Me. 1987) (party relieved from responding to requests for admission submitted "more than two weeks after discovery deadline").

By contrast, Defendant Haun can establish the requisite good cause under Rule 26(c) for entry of a protective order, because the requests for admission have been submitted approximately eight (8) months after the close of discovery, and after the Court has ruled on the parties' cross motions for summary judgment. For example, in *Sithon Mar. Co. Holiday Mansion*, 1999 WL 66216, at *1 (D. Kan. Feb. 8, 1999), the court observed that:

> A party may demonstrate good cause, within the meaning of Fed.R.Civ.P. 26(c), to prohibit a deposition by showing it would violate the deadline for discovery. Unless the deposing party can show good cause, within the meaning of Fed.R.Civ.P. 16(b), to extend the deadline, the court will generally grant a protective order against the deposition.

Here, Plaintiff has not established good cause to amend the Court's scheduling order to permit him to submit additional written discovery requests to Defendant Haun. Because of that failure, Defendant Haun, by having to again respond to Plaintiff's written discovery requests submitted eight (8) months after the close of discovery, has established prejudice and the requisite good cause under Rule 26(c) for entry of a protective order.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this motion be granted, a protective order entered relieving him of having to respond to Plaintiff's requests for admission [RE #62] or, alternatively, clarifying the terms under which fact discovery will be conducted.


Respectfully submitted,


/s/ William E. Sharp
William E. Sharp
Blackburn Domene and Burchett PLLC
614 W. Main Street, #3000
Louisville, KY 40202
Ph: (502) 584-1600
wsharp@bdblawky.com
*Attorney for Defendants, Mike Haun, APRN and Frederick Kemen, M.D.*


## CERTIFICATE OF SERVICE

I certify that on May 29, 2019, I filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that on May 29, 2019, I sent a copy of the foregoing, *via* first-class mail postage pre-paid, to the following:

Avren Scott, Inmate #258511
Kentucky State Penitentiary
266 Water Street
Eddyville, KY 42038

s/ William E. Sharp
William E. Sharp